IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:02-CR-110-1H
NO. 5:12-CV-479-H

CECIL TERRANCE REAMS,          )
                               )
        Petitioner,            )
                               )
                               )
                               )
        v.                     )        **ORDER**
                               )
                               )
UNITED STATES OF AMERICA,      )
                               )
        Respondent.            )


This matter is before the court on petitioner's motion to
vacate pursuant to 28 U.S.C. § 2255 [DE #20]. The government
responded by filing an answer asking that the motion to vacate
be denied. Petitioner has filed a reply memorandum. This
matter is ripe for adjudication.

Petitioner was charged in a two count indictment on April
16, 2002. Count One charged petitioner with being a felon in
possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1)
and 924. Count Two charged petitioner with possession of stolen
firearms, in violation of 18 U.S.C. §§ 922(j) and 924.
Petitioner pled guilty, pursuant to a written plea agreement, to
Count One. The plea agreement set forth the full exposure that

petitioner faced if he pled guilty, including possible sentencing enhancements under 18 U.S.C. § 924(e). Additionally, the agreement contained a valid appeal waiver. See United States v. Wiggins, 905 F.2d 51 (4th Cir. 1990). The Presentence Report listed nineteen prior felony convictions including four convictions for breaking and entering and four convictions for larceny after breaking and entering. (PSR ¶¶ 17, 20, 21, 25, 27, 29, 31, 34.) Reams was determined to be an armed career criminal based on the predicate convictions of breaking and entering and larceny after breaking and entering. (PSR ¶ 75.) Neither the defendant nor the government objected to the Presentence Report, which was adopted by the court at sentencing. Petitioner was sentenced to a term of imprisonment of 190 months. Petitioner did not appeal his conviction.

On July 31, 2012, petitioner filed the instant motion arguing he can no longer be classified as an armed career criminal under the Armed Career Criminal Act ("ACCA") based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

## COURT'S DISCUSSION

The government has expressly waived reliance on the statute-of-limitations defense in this matter. Therefore, the court proceeds to the merits of this motion.

2

Petitioner argues that following Simmons, he is no longer an armed career criminal because he has only two felonies which qualify as ACCA predicates. However, the government argues petitioner is still an armed career criminal post Simmons. After Simmons, only two of petitioner's prior convictions for breaking and entering qualify as predicate violent felonies under the ACCA. The convictions at PSR ¶¶ 17 and 20 no longer qualify because petitioner could not have received more than one year imprisonment under North Carolina structured sentencing. However, the two breaking and entering convictions at ¶¶ 25 and 27 do qualify because petitioner was sentenced to 11 to 14 months' imprisonment.

To qualify as an armed career criminal under 18 U.S.C. § 924(e), a defendant who violated 922(g) must have three previous convictions for a violent felony or serious drug offense, or both. Petitioner now argues that his four prior convictions for larceny after breaking and entering (¶¶ 21, 29, 31, and 34) are not violent felonies for the purposes of the ACCA. The court notes that petitioner did not object to the PSR at sentencing which found that all four convictions were violent felonies for purposes of the ACCA. (PSR ¶ 75.) Additionally, petitioner waived his right to appeal the sentence imposed.

3

To qualify as an armed career criminal, only one of petitioner's larceny after breaking and entering charges must qualify as a violent felony under 18 U.S.C. § 924(e). Title 18 U.S.C. § 924(e) defines violent felony to include a burglary conviction. In Taylor v. United States, 495 U.S. 575 (1990), the Supreme Court held that a person has been convicted of burglary for purposes of the ACCA, if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of (1) unlawful or unprivileged entry into, or remaining in, (2) a building or structure, (3) with intent to commit a crime. Taylor, 495 U.S. at 598-99. Looking solely at the statute, it is impossible for this court to say with certainty that the elements from Taylor have been met. See State v. Pearcy, 50 N.C. App. 210 (1980), State v. Curry, 288 N.C. 312 (1975); State v. Marlow, 73 N.C. App. 443 (1985). Finding that the categorical approach does not apply in this matter, the court must use the modified categorical approach. Under the modified categorical approach, a sentencing court may consider only "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual findings by the trial judge to which the defendant assented." United States v. Harcum, 587 F.3d 219, 223 (4th Cir. 2009) (quoting Sheppard v. United States, 544 U.S. 13, 16 (2005)), and certain "external documents" that are

4

"explicitly incorporated" into otherwise permissible documents. Id. at 22 (quoting United States v. Simms, 441 F.3d 313, 317 (4th Cir 2006).

A review of the indictment from the offense dated October 1, 2000 (Nash County File No. 00CRS53715), listed in the PSR at ¶34 demonstrates that the offense meets the definition of generic burglary as defined by Taylor, 495 US at 598-99. Specifically, the indictment charges, in relevant part, that "the defendant named above unlawfully, willfully and feloniously did break and enter a building, occupied by Alton Melvin, used as a dwelling . . . with the intent to commit a felony therein: larceny. This act was in violation of G.S. 14-54(a)." Count Two then charges defendant with the larceny after the breaking and entering described above.

Additionally, a review of the indictment from the offense dated September 14, 2000 (Nash County File No. 00CRS12843), listed in the PSR at ¶31, also meets the definition of generic burglary as defined by Taylor. This indictment charges defendant with breaking and entering a building "with the intent to commit a felony therein: larceny." Count II then charges defendant with larceny of car keys "pursuant to the commission of the felonious breaking and entering described in Count I above."

5

Finding that petitioner had at least four felonies which qualified as violent felonies as defined by 18 U.S.C. § 924(e) and that additionally petitioner waived his right to appeal the sentence or establishment of the guidelines or to contest his sentence in a post-conviction motion with limited exceptions, the court DENIES petitioner's motion to vacate.

## CONCLUSION

For the foregoing reasons, petitioner's motion to vacate [DE #20] is DENIED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676,683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of petitioner's § 2255 motion debatable. Therefore, a certificate of appealability is

6

DENIED.

This 12th day of February 2015.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26