IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:02-CR-110-H
No. 5:12-CV-479-H

CECIL TERRANCE REAMS,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on petitioner's motion for reconsideration and/or to alter or amend the judgment order entered pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. [D.E. #30]. The government has filed a response, and this matter is ripe for adjudication.

### BACKGROUND

On October 28, 2002, petitioner, pursuant to a written plea agreement, entered a plea of guilty to count one of an indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. On March 18, 2003, the court sentenced petitioner to a term of imprisonment of 180 months. At his sentencing hearing, the court determined petitioner to be an armed career criminal pursuant to 18 U.S.C. § 924(e) based on his prior predicate North Carolina convictions of breaking or entering and larceny after breaking or entering. Neither the defendant nor the government objected

to the presentence report, which was adopted by the court at sentencing. On July 31, 2012, petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 arguing he can no longer be classified as an armed career criminal under the Armed Career Criminal Act ("ACCA") based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). On February 12, 2015, the court entered an order denying petitioner's motion to vacate pursuant to 28 U.S.C. § 2255. Here, petitioner asks the court to reconsider its decision in light of alleged errors in legal analysis and, or alternatively, grant petitioner a certificate of appealability.

## COURT'S DISCUSSION

### I. Application of the ACCA

Petitioner argues the court improperly applied the modified categorical approach to conclude petitioner's prior convictions under N.C. Gen. Stat. § 14-72(b)(2) were violent felonies and therefore predicate convictions under the ACCA. In support of his position, petitioner contends N.C. Gen. Stat. § 14-72(b)(2) is an indivisible statute which precludes the court from applying a modified categorical approach in its analysis. Because the court did not expressly analyze the divisibility of N.C. Gen. Stat. § 14-72 in its February 12, 2015 dispositive order, it now exercises its discretion to reconsider its prior order and supplement its legal analysis.

2

In determining whether an offense is a violent felony for purposes of the ACCA, a court may apply the categorical or modified categorical approach. See Descamps v. United States, 133 S.Ct. 2276, 2282-84 (2013). The categorical approach, established in Taylor v. United States, 495 U.S. 575 (1990), provides that a court may "look only to the statutory definitions" of a defendant's prior offenses, and not "to the particular facts underlying those convictions." Taylor, 495 U.S. at 600; Descamps, 133 S.Ct. at 2283. The categorical approach should be applied unless the court must analyze a statute in those "narrow range of cases" that is divisible and sets forth alternative elements under which a defendant may be convicted. Descamps, 133 S.Ct. at 2283-84. The modified categorical approach "may be used in cases where the state statute under which the defendant was previously convicted 'sets out one or more elements of the offense in the alternative,' but not where the statute is 'indivisible.'" United States v. Flores-Granados, 783 F.3d 487, 491 (4th Cir. 2015) (quoting Descamps, 133 S.Ct. at 2282).

The question presented is whether N.C. Gen. Stat. § 14-72(b)(2) is a divisible statute which permits the court to apply a modified categorical approach or an indivisible statute which precludes reaching past the categorical approach to determine whether petitioner's prior conviction of larceny after breaking

3

or entering is a violent felony and therefore a predicate offense for purposes of the ACCA. Petitioner argues N.C. Gen. Stat. § 14-72(b)(2) is an indivisible statute. For the reasons stated herein, the court disagrees.

A statute is divisible when "one or more elements of the offense" is set forth in the alternative. Descamps, 133 S.Ct. at 2281. If a statute is indivisible, the court must apply the categorical approach to determine whether elements of the crime of conviction fairly comport with the elements of at least one of the enumerated generic crimes set forth in 18 U.S.C. § 924(e)(2)(B)(ii) to establish the existence a predicate violent felony for purposes of the ACCA. Id. "The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." Id. at 2282.

Petitioner argues N.C. Gen. Stat. § 14-72(b)(2) is indivisible. This statute states, "The crime of larceny is a felony, without regard to the value of the property in question, if the larceny is any of the following: ... (2) Committed pursuant to a violation of G.S. 14-51, 14-53, 14-54, 14-54.1, or 14-57." Petitioner contends the alternative elements set forth in this statute are only sentencing aggravators rather than elements of the actual offense that must be proven beyond a reasonable doubt to a jury.

4

North Carolina courts do not agree. For example, the North Carolina Court of Appeals stated, "To sustain a conviction of larceny after breaking or entering, the State must *prove* that a defendant committed a larceny after breaking or entering." State v. Baker, 690 S.E.2d 558 (Table), 2010 WL 157552, at *6 (N.C. Ct. App. Jan. 19, 2010) (unpublished) (emphasis added). The court then, in its evaluation of the sufficiency of the evidence for conviction, sustained the charge of larceny after breaking or entering based on the following evidence: "(1) *[Defendants]... broke into a house;* (2) *Defendant kicked open the front of door of the house and went inside;* and (3) [Defendant] was found in possession of items taken from the house." Id. at *7 (emphasis added). If the North Carolina Court of Appeals believed, as petitioner argues, that breaking or entering was only a sentencing enhancement, it would not evaluate the evidence related to a defendant's breaking or entering "[t]o sustain a conviction of larceny after breaking or entering."

Baker, however, is not the only example where a North Carolina court has considered one of the elements in N.C. Gen. Stat. § 14-72(b)(2) to be an element of offense rather than a mere sentencing aggravator. In another recent decision by the North Carolina Court of Appeals, State v. Robertson, No. COA14-1149, 2015 WL 2061990 (Table) (N.C. Ct. App. May 5, 2015), a

5

defendant was charged, <u>inter alia</u>, with larceny pursuant to a burglary in violation of N.C. Gen. Stat. § 14-72(b)(2), which is a separate alternative element of the offense statute from the one at issue in the instant case. In that case, the court stated, "a *conviction* for felony larceny pursuant to a burglary *requires sufficient evidence* that a 'breaking' occurred." <u>Robertson</u>, 2015 WL 2061990, at *2 (emphasis added). The court's decision in <u>Robertson</u> further confirms its interpretation of the alternative elements set forth in N.C. Gen. Stat. § 14-72(b)(2) as alternative elements of offense, at least one of which is required to be proven beyond a reasonable doubt to sustain a conviction, rather than mere sentencing aggravators.

Before proceeding, however, a final objection to this court's interpretation of N.C. Gen. Stat. § 14-72(b)(2) as a divisible statute must be addressed. The North Carolina Court of Appeals has held that "the purpose of [N.C. Gen. Stat. §] 14-72 is to establish levels of punishment for larceny based on the value of the goods stolen, the nature of the goods stolen or the method by which stolen, not to create new offenses. Thus, larceny from the person and larceny of goods worth more than $1,000 are not separate offenses, but alternative ways to establish that a larceny is a Class H felony." <u>State v. Sheppard</u>, 744 S.E.2d 149, 152-53 (N.C. Ct. App. 2013) (quoting <u>State v. Boykin</u>, 337 S.E.2d 678, 681 (N.C. Ct. App. 1985)

6

(internal citation omitted)) (internal quotation marks omitted). The court in Sheppard, however, was not considering the distinction between elements and means but instead whether differing convictions for felony larceny are duplicative. See Omargharib v. Holder, 775 F.3d 192, 198 (4th Cir. 2014) (holding that an element is a factual circumstance that a jury must find unanimously and beyond a reasonable doubt). The North Carolina Court of Appeals has consistently held that an alternative element set forth in N.C. Gen. Stat. § 14-72(b)(2) must be proven by sufficient evidence to sustain a conviction under that provision of the statute. See, e.g., Baker and Robertson supra. Therefore, the alternative elements set forth in N.C. Gen. Stat. § 14-72(b)(2) must be considered "elements" of offense as defined in Omargharib.

Because N.C. Gen. Stat. § 14-72(b)(2) is a divisible statute, the court may apply the modified categorical approach to help "implement the categorical approach." See Descamps, 133 S.Ct. at 2285 ("...the modified approach merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute."). The court declines to further reconsider its application of the modified categorical approach and judgment in its original order regarding the applicability of the ACCA to petitioner.

7

## II. Certificate of Appealability

The Court reconsiders its refusal to issue a certificate of appealability in its original order. A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

This court's interpretation and application of 18 U.S.C. § 924(e) establishes a new minimum and maximum punishment in excess of petitioner's maximum exposure without application of the ACCA enhancement. Therefore, petitioner's constitutional rights may be affected, and a reasonable jurist may find this Court's dismissal of petitioner's § 2255 motion debatable. Therefore, a certificate of appealability is now GRANTED.

## CONCLUSION

For the foregoing reasons, petitioner's motion to reconsider, [D.E. #30], is GRANTED IN PART and DENIED IN PART. The petitioner's motion is GRANTED IN PART as follows:

1. The court supplements its reasons for its order, [D.E. #28], denying petitioner's motion to vacate pursuant to 28 U.S.C. § 2255; and

2. A certificate of appealability is now GRANTED.

To the extent petitioner moves this court to reconsider its February 12, 2015, order other than in the ways it expressly granted <u>supra</u>, his motion is DENIED. Furthermore, a certificate of appealability is now GRANTED. The clerk is directed to close this case.

This 7th day of July 2015.

*Malcolm J. Howard*
Senior United States District Judge

At Greenville, NC
#34